MUNICIPAL ASSEMBLY OF LAJAS, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ ET AL., Respondents.

No. 85. Argued December 22, 1943.—Decided January 13, 1944.

744

*Bolívar Pagán* for petitioner. *Enrique Báez García* for respondents.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

On October 16, 1942, the Governor of Puerto Rico preferred against, and notified to, Aurelio Ramírez Ramírez, Mayor of the Municipality of Lajas, eight administrative charges, allowing him ten days for filing his answer to the same. On January 25, 1943, the Municipal Assembly of Lajas in virtue of said charges commenced an impeachment proceeding against the mayor. From the record of the case and from the certificates submitted at the hearing before this court, it does not appear that the municipal assembly took any action in said proceeding until November 18, 1943, when it held a special meeting called for that purpose and adopted a resolution suspending Mayor Ramírez from office and pay and designated the President of the Municipal Assembly to discharge the office of Mayor of Lajas pending a hearing of the charges and the final determination of the impeachment proceeding already commenced. It also appears that at a special meeting of the municipal assembly held on November 23, 1943, with the attendance of José N. Tomei, Godofredo Rodríguez, Mariano Martínez, and Jesús Cotte Jusino, members of the assembly, José Miguel Toro was appointed to fill the office of President of the Municipal Assembly, which had become vacant upon the resignation of Angel Pagán Irizarry; and that at the same meeting Mr. Toro accepted and took charge of the office for which he had been chosen and from that moment began to act as Acting Mayor of Lajas.

On November 16, 1943, the People of Puerto Rico, at the

instance of Aurelio Ramírez, filed in the District Court of Mayagüez a *quo warranto* petition against José Manuel Toro challenging the validity of his appointment as Mayor of Lajas, and praying that he be ousted from said office and the relator be restored to the occupancy of the same. We shall not say anything further regarding that proceeding, as the same is still pending before the above-named district court.

On December 8, 1943, the aforesaid Aurelio Ramírez filed in the District Court of Mayagüez a petition for the issuance of a writ of certiorari directed to the Municipal Assembly of Lajas commanding the latter to send up to the district court "all the documents, minute books, statement of charges, and answer, and any other documents relating to the impeachment proceeding against the petitioner Aurelio Ramírez and which are pending consideration by the Municipal Assembly of Lajas," in order that the court, pursuant to §83 of the Municipal Law of Puerto Rico, might inquire into said documents and proceedings of the assembly and review and set them aside. The petitioner further prayed, as a provisional remedy, that the assembly and the members thereof be ordered to refrain from further prosecuting the impeachment proceedings against the mayor until the district court should determine the validity of the acts of the assembly challenged by the petitioner. The district court issued the writ in accordance with the prayer of the petitioner, and the respondents were served with notice of the writ on December 10, 1943.

On December 14, 1943, the Municipal Assembly of Lajas applied to this Supreme Court for a writ of prohibition directed to the Judge of the District Court of Mayagüez and to Aurelio Ramírez, petitioner in the certiorari proceeding No. 5527 which was pending before said district court, commanding said judge to stay all proceedings in the said case of certiorari; to refrain from hindering or staying in any way the proceedings in the municipal assembly in the case

of impeachment against the mayor, and to vacate the order rendered on December 9, 1943, staying said proceedings against the mayor. As grounds for the writ of prohibition sought, it is alleged that the District Court of Mayagüez lacks jurisdiction to consider and determine the proceedings in the case of impeachment; that the municipal assembly, petitioner herein, has exclusive jurisdiction to institute and decide the impeachment proceeding against the mayor; and that the Supreme Court is the only court which, in accordance with the law, has exclusive jurisdiction to determine on appeal as to the validity or legality of any decision which the municipal assembly may render in the impeachment case.

Pursuant to the writ which we issued on December 14, 1943, the record of the certiorari case No. 5527 was sent up to this court and on the 22d of the same month the corresponding hearing was held with the appearance of both parties. At the hearing the respondents filed an answer in which they denied the essential averments of the petition and as a special defense they alleged that the question of jurisdiction had not been raised by the petitioning assembly before the district court; and that a writ of prohibition does not lie until the lower court has been given an opportunity to pass upon such a question.

 Has the district court jurisdiction to take cognizance of the questions raised in the petition for certiorari in case No. 5527? Let us see what are those questions.

In the petition it is alleged that the petitioner was elected Mayor of Lajas on November 5, 1940, that he assumed the duties of his office and exercised the same until he was deprived thereof by the municipal assembly; that on November 17, 1943, José N. Tomei, Vice President of the Assembly, claiming to have authority therefor from the President of the Assembly, called a meeting thereof for the purpose of continuing the impeachment proceeding which was commenced on January 25, 1943, and postponed by agreement.

of the interested parties; that said meeting was attended only by four persons: José N. Tomei, Jesús Cotte Jusino, Mariano Martínez, and Carlos del Toro; that due to the fact that the latter person had ceased as a member of the assembly since November 10, 1943, the meeting was held on November 18, with only three members present, that is, without a *quorum;* that at said meeting the resignation of the President of the Assembly was accepted and the vacancy was filled by the appointment of José M. Toro; Carlos del Toro was designated to act as secretary of the Municipal Assembly; and there was considered and adopted the resolution suspending the mayor from office and pay. The petitioner further alleges that all the proceedings thus taken by the assembly are void as they have been taken without a *quorum* and by the vote of only three members; that in consequence of all those proceedings José Miguel Toro assumed the office of mayor, pursuant to the provisions of §29 of the Municipal Law; that on November 15, 1943, Mr. Toro, in his capacity as Acting Mayor, called a special meeting of the assembly for the purpose of considering the economic situation of Lajas; that said call was void because Mr. Toro was not lawfully holding the office of mayor; that on November 16, 1943, while the members of the assembly were gathered for the holding of the special meeting, Mr. Toro, claiming to be President of the Municipal Assembly, requested leave to amend the call replacing it by another in which it was recited that the call was made for the purpose of considering the facts relating to the impeachment of Mayor Ramírez; that the call is void because since Mr. Toro had not been lawfully elected to the office of President of the Assembly he was without power to issue a call for said special meeting; that on November 18, 1943, José N. Tomei, Vice President of the Assembly, claiming to have been authorized therefor by President Angel Pagán, issued a call for a special meeting for the purpose of continuing the pro-

ceeding against the mayor, and at said meeting, which·was held on November 23, the assembly, upon being informed of the charges against Mayor Ramírez, adopted a resolution suspending him from office and pay with the affirmative vote of the members José N. Tomei, Godofredo Rodríguez, Mariano Martínez, Jesús Cotte Jusino, and Manuel Morales Surita, Mrs. Carmen L. Gregory abstaining from voting; that the resolutions adopted at said meeting are void (*a*) because the power to call for a meeting of the assembly is a personal prerogative of the president which can not be delegated; (*b*) because at the time the call was issued there existed an abnormal situation in Lajas arising from the fact that the mayor had been unlawfully suspended on November 10; (*c*) because the suspension of the mayor was ordered only by five votes and not by the vote of two-thirds of the members of the municipal assembly, that is, by six votes, as required by law; and (*d*) that the suspension constituted an illegal act, because Ramírez had already been summarily suspended and was not holding the office on November 10, 1943.

The fundamental purpose of the writ of certiorari is to bring before a superior court, for review, some proceeding pending in the lower court "or the record and proceedings in some cause already terminated in cases where the procedure is not according to the course of law." (Section 670, Code of Civil Procedure, 1933 ed.) Section 671 of the same code authorizes and empowers district courts to issue said writ.

There is no question that if the matter involved were the removal of the mayor by a resolution adopted by the municipal assembly after hearing the evidence adduced in the impeachment proceeding, this Supreme Court would have exclusive jurisdiction to take cognizance of an appeal taken by the mayor under the provisions of §29 of the Municipal

Law (Act No. 53 of 1928, p. 334), as amended by Act No. 98 of 1931 (Laws of 1931, p. 594).

The case at bar does not deal with a review by appeal of a resolution adopted by the municipal assembly removing the mayor, but with the review of the administrative acts of the municipal assembly by virtue of which, as alleged, the petitioner was deprived of his office of mayor without due process of law. The district courts are expressly empowered by §83 (a) of the Municipal Law (Laws of 1928, p. 398) to annul or review by certiorari any legislative or administrative act of the municipal assembly which infringes the constitutional rights of the complainants or which is contrary to the Organic Act or to the laws of Puerto Rico. The same section by subdivision (b) thereof, confers on the district courts jurisdiction to stay by injunction the execution of any ordinance, act, resolution, or order which infringes rights guaranteed by the Constitution or by the insular laws. . *Barreto* v. *District Court*, 59 P.R.R. 810.

The writ issued must be discharged and the case remanded to the lower court for such further proceedings as may be proper.

Mr. Justice Snyder did not participate herein.